Our first case is Aqqis, if that's the way one pronounces it, v. EMC Corporation, 2024-1649. Mr. Ferencog. Good morning, your honors. May it please the court. At summary judgment, the district court decided an open and contested issue as to what the PCI specification requires for a transaction. Both parties submitted evidence supporting their position. The district court agreed with EMC and disagreed with Aqqis. You're here on an award of attorney fees, right? That's correct. That abuses discretion? It is, and the district court abused its discretion, your honor. District court decided you took inconsistent positions in the district court on the PTO and you had claim construction in Texas and then in Massachusetts and there were aspects of the claim that a defendant didn't have and you still persisted. And so the court abused its discretion? The court abused its discretion by finding that Aqqis' claims had become barred or in effect baseless after the claim construction order. The finding of inconsistent positions was not an independent basis for the district court's exceptionality finding. It added weight to the heart of the matter, which the district court found was that Aqqis' claims were barred after the claim construction order. And that was an abuse of discretion. At claim construction, the district court construed PCI bus transaction to mean a transaction in accordance with the industry standard PCI local bus specification. Aqqis had agreed to that construction. Where in the opinion does it say it's dispositive, the continued litigation of the claims? I just see where it says it weighs it in favor of exceptionality and then also too, shifting key claim terms weighs in favor of exceptionality. I'm just trying to figure out how you are determining how the district court weighed these various factors. And maybe I would frame it a little bit a different way. The court would not have found exceptionality absent the finding of claims being barred after claim construction. Without that finding... Where do you see that? Where do you see barred in all of this? Yeah, so barred is on appendix 14. The first sentence of the first full paragraph on that page, the court finds that after its claim construction order, Aqqis knew or reasonably should have known that the court's constructions barred infringement. So that's where the term barred comes from. And separately... I just want to make sure I understand, you know, because I was not necessarily understanding them to be saying, you know, one of these was more important than the other. I would say also, Your Honor, if I may, on the inconsistent positions, on appendix 20, the district court found that although the court finds that Aqqis' unreasonable conduct began when it took inconsistent positions, I'll skip forward, which weighs in favor of exceptionality, the court finds that the totality of the circumstances did not warrant finding the case exceptional until after the court's claim construction order. So the heart of the matter was the court's determination on claim construction and then resolution of the separate question on summary judgment as to what the PCI specification requires. And you don't think that sentence just goes to timing and consideration of the totality of the circumstances and said it's your... It doesn't really much matter, but okay. Yeah, I think the fair reading of the order is that the finding the claims were barred is required for the exceptionality determination, and I'd like to address that one first. As summary judgment, both parties submitted evidence on this open question as to what the PCI specification required for a transaction. EMC raised at summary judgment that the specification provides a robust and specific definition of a transaction. That robust and specific definition was not raised by EMC at claim construction. It is not inherent in the district court's claim construction. But the district court said it was readily understandable, that it was quite clear that when Judge Burroughs said and Judge Davis said all information required by the PCI standard, that's going to include control signals and parity bits. So what's so unclear about that? It was not readily understandable. I know you're saying that, but why are you saying that when it's quite clear that both courts communicated to you that this PCI bus transaction necessarily required all information required by the PCI standard? Are you saying that it was less than clear that the PCI standard included control signals or parity bits? That's correct. At Judge Davis' claim construction order, Judge Davis said all information required without specifying what that information is. In Judge Burroughs' claim construction order, the court adopted a transaction in accordance with the specification without explaining what in accordance with means. What information was required for a transaction was an open question. It cannot be the entire specification because the specification describes a PCI bus. And in the same claim construction order, the district court found that a PCI bus was not required for a transaction. A bus is different from information, right? Correct, it is. And then the construction both times said all information. The Judge Davis' construction said all information. Judge Burroughs' construction said transaction. Judge Burroughs never repeated all information? Judge Burroughs quoted Judge Davis' claim construction order, yes. So it's in there. It is. So all information. I don't understand what the confusion is. The question is what is all information? And that issue was presented at summary judgment. EMC submitted 16 findings of fact on what that information is according to the PCI specification. If we were to agree with district court that it was in fact understandable what the PCI standard requires when it comes to all information. And that it includes control signals and parity signals. Even so, ACUS submitted additional evidence at summary judgment that EMC's products satisfied that construction, the specific definition, robust definition that EMC set forth at summary judgment. Yeah, but did you cite that evidence in your opposition to the other side's fees motion? The opposition to the fees motion referred to the summary judgment arguments. It did not reiterate the evidence. That's right. So, I mean, I think there's an argument here that this particular argument, this evidence-based argument, was simply way too underdeveloped, at least in terms of the fees motion, for really it to be preserved and for us to now consider it, that you didn't cite to or discuss or evaluate or present that evidence to the district court at the time of the fees motion. Well, at appendix 7027 to 7028, that is ACUS's brief in opposition to the fees motion, the summary judgment arguments were referenced and said that the district court did not take those into consideration in the summary judgment order. So to find it exceptional by referring to the arguments but not reciting all the evidence in those briefs and award four million dollars, that is not something that stands out. That is a punishment for losing, not a pursuing baseless claims following the claim construction order. Now here, I did also want to address, there was no independent basis in the summary judgment order on the three terms at issue beyond PCI bus transaction for entering summary judgment. There's two other terms, encoded and communicating. Both of those referred to PCI bus transaction and in the district court's determination entry of summary judgment, the district court referred back to its determination that PCI bus transaction required control signals or, quote, the entirety of the specification in finding summary judgment on those terms. So the summary judgment order was determined based on PCI bus transaction and what information from the specification is required. During the IPRs, did you or your expert ever say that the PCI bus transaction includes control signals? ACUS's counsel did not. ACUS's counsel said control My question to you was, and let me repeat it, did you or your expert during the IPRs ever say that control signals are part of the PCI bus transaction? There's an expert deposition, your honor, where some of the control signals are referred to. I just need a yes or no. I don't think it's, I don't think the expert said that control signals are required for transaction, which is why I'm answering the way it is, the way I am. He mentioned, he was asked about certain control signals, whether they can be within a transaction. I believe he said yes. That testimony was not relied upon by the PTAB in its determination of upholding any of the patents at issue. And at summary judgment, ACUS presented evidence showing that the information required by the PCI specification for a transaction does not require the control signals like frame and T-Ready and I-Ready that are required for manipulating and controlling a PCI bus, which the district court had found was not required by its construction. There were simply competing positions at summary judgment on the scope of this claim, the interpretation of the extrinsic PCI specification, which is a question of fact for the district court to decide, but it wasn't presented to the district court, it wasn't presented in the Eastern District of Texas until summary judgment in the District of Massachusetts when the court adopted for the first time EMC's position at summary judgment that control signals and parity were required. So on this record, the district court also did not consider, as we've discussed, those summary judgment arguments that ACUS made, did not consider its evidence in rendering summary judgment, finding that it should have presented the evidence at claim construction instead while not applying that same standard to EMC. The first time this was resolved was at summary judgment. This is like the BIACS versus NVIDIA case where there was a construction, but an open question as to what part of that construction meant and what was required by the construction. Are these patents expired? They are. Okay. That determination was made at summary judgment. This case is not exceptional. The district court abused its discretion by finding that after the claim construction order, which merely said transaction or even all information from East Texas, by finding that that barred the claims, it wasn't until later. I'll reserve the remainder of my time unless there are any questions. We will save it for you. Thank you. Mr. Torscha. Good morning. May it please the court, Paul Torscha for EMC. So Judge Burroughs' fees order was the product of careful, methodical application of discretion. She ordered and considered three rounds of briefing on EMC's fees motion alone. She gave ACUS the benefit of the doubt several times. She constrained the amount of time that she found the exceptionality period. She reduced the amount of fees. She did the work that this court has said that the district court should do when considering a fees order. It was a methodical application of discretion. There was no error, and there was certainly no clear error. Judge Burroughs' order should not be disturbed unless there's a finding of an abuse of discretion. And fundamentally, what ACUS is arguing is that until Luke's summary judgment order, there was an absolute surprise that these constructions would lead to non-infringement. That's not credible. She also found that there was inconsistent litigation positions taken. That was a separate and independent basis for her fees order. It is not correct, going back to your questions, Judge Burroughs. The law is that exceptionality can be found either based on the merits, the weakness of the merits of the case, or separately and independently. It's always supposed to be found based on the totality of circumstance. Yes, absolutely. In other words, it's not just one. It's a ball of wax. You look at the merits positions, and you look at the clarity and how they should have known that these constructions led to non-infringement, and you separately look at the litigation positions. And you take into account the entire degree of circumstances, and that is what is supposed to be evaluated for an abuse of discretion. And very respectfully, this is not close. She applied careful discretion. She limited the fees that EMC was awarded to a small portion of what was incurred in this case, and less than what would have been supported by this record. That was not an abuse of discretion. Now, going to some of the specific issues that were raised during my friend's argument, I think it's important to actually note what happened. Because there's this, again, there's this argument that we were shocked, shocked to learn at summary judgment that by agreeing to a construction that was tethered to the PCI local bus specification, that there was no, not a surprise. And I think we should go back to, yes, let's go back to the expert declaration that we were just discussing. Judge Chen asked, did your expert ever suggest that PCI signals were required? It wasn't muddy. He said it unequivocally in the PCI positions. And I'll give you an appendix number. That's appendix number 1394 to 1395. And the question, the end of Mr. Berropa's question was, are these control lines part of what the claims require as a PCI bus transaction? Answer, since they are required to define what is going on at the bus at any point in time, the answer is yes. That is not ambiguous. That should shut this down. They should not be now heard to say that there's confusion about whether control signals are required. Certainly not that a district judge abused her discretion by founding that they should have known that. So that alone, that alone is sufficient. But that's not all. They've suggested that they were surprised because this was never raised before Judge Davis. Or Judge Davis, the control signals didn't come up before Judge Davis. Yes, it did. This was many, many years ago. But Mr. Hershkowitz, who argued that hearing, it was over 10 years ago, before Judge Davis, said, wait a second, they're going for construction, Judge Davis, that doesn't include all information when it needs to. And he said, specifically, they're omitting control signals. And Judge Davis disagreed with ACUS and said, no, all information is required. If you look at his order, and we should go to Judge Davis's order, you will see that he talks about control signals as information in accordance with the standard. And he then says all information is required. So let's take a look at Judge Davis's order, 894, Appendix 894. If you look at his opinion, what he does is he first quotes the patent. And he says, control signals, that is information that can be encoded into a serial channel. And then he says, ACUS is taking the position here that only command data and address is required. And he says, but that's not all information. So he doesn't give them that. And he finds all information is required. Control was raised at the earliest time. And they lost. They lost before Judge Davis. Judge Burroughs gave him the benefit of the doubt. And in her order, she says this. She doesn't say that Judge Davis was wrong there or that control signals weren't required. She said, look, I'm not going to find exceptionality yet because maybe ACUS will re-argue this before me and go for a different result. But they didn't. And she rightly found they agreed to a definition that included the PCI local bus specification, included control signals. And yes, Your Honor, also parity. Parity in some ways is even clearer. The PCI local bus spec says parity is not optional. Parity is clearly information. So it's part of all information. It's part of the construction. That's it. So separately, they also told you that there wasn't a separate and independent basis for fees, the parallel to serial conversion argument. Also, not credible, not correct. I mean, never mind clear error. It's just wrong. That was a separate basis for claim construction and summary judgment. It was argued about, hotly contested for two days at a Markman hearing, where the whole point was this was an independent basis for summary judgment. We weren't just fighting for two days in the District of Massachusetts for an additional argument that was dependent on the parallel to serial construction. This was a new basis for non-infringement, and it was clear. Anyway, so what happens? They're now saying, well, that's all dependent on the construction of PCI bus transaction, because what has to be converted from parallel to serial is a PCI bus transaction. That's their argument. The problem is that argument was rejected. By who? By Judge Burroughs in the fees order. This was, we joined issue on this in the fees papers. They argued this was not an independent basis for judgment and for exceptionality. On appendix 14, Judge Burroughs disagrees. She said, even if I'm wrong with respect to the PCI bus transaction term, there's independent basis for my summary judgment. What are those independent bases? We know what they are. They're parallel to serial and the all bits construction. So the idea that there's only, this all hinges on PCI bus transaction is wrong. Even if it did, that's enough. And it doesn't even all hinge on these one constructions, because there's also the conduct, which again, is reasonable for a judge, a district court judge, applying her discretion to take into account. I think the last point I'd like to make is this. This isn't even the first time this court has heard these arguments. This is what Ackes argued at the merits, during the merits appeal of Ackes' summary judge, of Judge Burroughs' summary judgment order. Judge Burroughs, Ackes challenged Judge Burroughs on the same basis. They said, well, we got ambushed by Judge Burroughs at summary judgment and she changed her claim construction at summary judgment for the first time and required things that surprised us. That, she argued to this court. This court confronted Ackes with the PCI local bus specification, the signal definitions, that said control is required. They didn't have a good answer for that. This court found, adopted Judge Burroughs' constructions, all three of them. This court found that those constructions flowed directly to infringement. Judge Burroughs quoted that finding of a panel of this court in her exceptionality order. It's a basis, one of her bases, her many bases in considering the ball of wax of exceptionality, is that this court found that the constructions flowed directly to infringement. How is that an abuse of discretion? It's not an abuse of discretion. We didn't get all the fees we wanted out of this order, but Judge Burroughs exercised discretion. So, her order should stand. Thank you. Thank you, Mr. Torture. Mr. Farringcrogg has some rebuttal time. Thank you, Your Honors. The district court abused its discretion because it never considered whether Ackes' positions on summary judgment were reasonable. It never considered them at all as to what information is required. The question is not whether Ackes is surprised. The question is not whether this court ultimately affirmed the summary judgment outcome in the constructions. The question is whether Ackes took a reasonable position. The question is not whether Ackes took a reasonable position in continuing to pursue its claims. There was evidence that it did. And the expert declaration, the PCI specification itself explaining exactly how a transaction is performed and what information is required was sufficient for Ackes to pursue its claims. They were not barred. They were not baseless. They were not unreasonable. This is simply a run-of-the-mill dispute that resolved at summary judgment. Thank you. Thank you to both counsel. The case is submitted.